IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00754-MSK-CBS

STEPHAN DARRIS,
        Plaintiff,
v.

DENVER POLICE DEPT. DIST. 6, et al.,
        Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on: (1) Darris' Motion for Leave to

Proceed Pursuant to 28 U.S.C. § 1915 (filed June 19, 2006) (doc. # 11); and (2) Darris'

"Motion to Amend Prisoner Complaint" (filed June19, 2006) (doc. # 10).  Pursuant to

the Order of Reference dated July 19, 2006 (doc. # 26) and the memorandum dated

September 19, 2006 (doc. # 43), the Motions were referred to the Magistrate Judge.

The court has reviewed the Motions, the entire case file, the statements of Darris and

defense counsel at the hearing held September 27, 2006, and the applicable law and

is sufficiently advised in the premises.


1.      On May 12, 2006, the court permitted Darris to proceed pursuant to 28 U.S.C. §

1915 without payment of an initial partial filing fee.  (*See* Order Granting Leave to

Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial Partial Filing Fee

(doc. # 7)).  Thus, Darris' subsequent request to proceed pursuant to 28 U.S.C. § 1915

1

without payment of an initial partial filing fee is moot.

2.      On or about April 10, 2006, Darris tendered a "Prisoner Complaint."  On April 20, 2006, the court noted that the names in the caption of the Complaint did not match the names listed as parties.  Specifically, Darris listed Denver Police Dept. District 6 in the caption but not as a party.  (*See* doc. # 3 at pp. 1-3 of 10).  The court directed Darris to

cure the deficiencies in his Complaint within 30 days.  (*See* "Order Directing Clerk to Commence Civil Action and Directing Plaintiff to Cure Deficiency" (doc. # 2)).

On May 2, 2006, Darris filed an amended Prisoner Complaint ("First Amended Complaint").  Once again, Darris listed Denver Police Dept. District 6 in the caption but not as a party.  (*See* doc. # 4 at pp. 1-3 of 10).

On June 19, 2006, Darris moved to amend his complaint and tendered a proposed amended Prisoner Complaint ("Second Amended Complaint" (doc. # 10-2)).  For the third time, Darris listed Denver Police Dept. District 6 listed in the caption but not as a party.  (*See* doc. # 4 at pp. 1-3 of 10).

On July 18, 2006, the six individual Defendants filed their Answer (doc. # 24).  A Return of Service filed July 3, 2006 (doc. # 17) indicates that Defendant Denver Police Department District 6 was served on or about June 27, 2006.  Defendant Denver Police Department District 6 has not filed an Answer or otherwise appeared in this civil action.      Defendants object to Darris' Second Amended Complaint because it is not clear whether Darris is suing Defendants in their official capacity or in their

2

individual capacities.  Darris indicated at the September 27, 2006 hearing that he wished to amend his complaint to add that "[e]ach defendant is sued in their official capacity individually." (*See* doc. # 10-2 at p. 3 of 10).  "Personal or individual capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, while an official capacity suit is only another way of pleading an action against an entity of which an officer is an agent. *Johnson v. Board of County Commissioners for the County of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996) (internal quotation marks and citation omitted).  The court attempted to clarify Darris' intent at the September 27, 2006 hearing.  However, Darris continued to fail to clarify whether he is suing Defendants in their official capacity or in their individual capacities.

The court must construe Darris' Second Amended Complaint and other papers liberally because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers");  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[a] pro se litigant's pleadings are to be construed liberally") (citations omitted).  Therefore, the court will construe Darris' Second Amended Complaint as including Denver Police Dept. District 6 as a Defendant and as suing Defendants in both their official and individual capacities.

Accordingly, IT IS ORDERED that:

1.     Darris' "Motion to Amend Prisoner Complaint" (filed June19, 2006) (doc. # 10) is GRANTED.

          a.     The "Prisoner Complaint" tendered June 19, 2006 (doc. #

3

10-2) is accepted for filing *nunc pro tunc* as of June 19, 2006 and shall be identified as the Second Amended Complaint.

      b.    The court construes the Second Amended Complaint as suing Defendant Denver Police Department District 6.

      c.    The court construes the Second Amended Complaint as suing Defendants in both their official and individual capacities.

      d.    Defendant Denver Police Department District 6 may answer or otherwise respond to the Second Amended Complaint on or before October 23, 2006.

      2.    Darris' Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (filed June 19, 2006) (doc. # 11) is DENIED as moot.

DATED at Denver, Colorado, this 5th day of October, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge